Davis, J.
The railroad commission seems to have based its - conclusions upon the proposition that, under the railroad commission act (98 O. L., 342), a railroad is not authorized to lower its schedule of rates solely for- the purpose of meeting competition; and that, even conceding to the railroad such right, a railroad cannot reduce its rate between competing points below the total rates of its competitor for the full distance between such points. In this, we think, the commission was clearly in' error.
A careful reading and analysis of this statute has not disclosed to us any requirement that the rate per mile between any two points on a railroad shall be uniform with the rate per mile between any other two points on the same railroad. The only limitation upon rates is the broad one that they “shall be reasonable and just, and every unjust and unreasonable charge for such service is. prohibited and declared to be unlawful.” Sections 3 and 23. Under this qualification the lawfulness or unlawfulness of the rate must be determined by all the circumstances related to each particular case. By universal consent self-defense is recognized as a natural right of every individual and of every collection of individuals. It follows, therefore, that whatever one does within the limits of protection bf his person, or property, or business is just and reasonable. In other words, *32 when competitive conditions are such as to really threaten one’s property or business, they must necessarily be regarded as justifying retaliatory action, because the same is, by every instinct of man, just and reasonable.
But it is contended on the part of the commission that, conceding that competition is a factor to be reckoned, it should not be permitted to go below the competitive rate. This contention is not sound, because it is seldom that competition consists wholly in the rate. In the case at bar, the competition is between a steam railroad and an electric interurban road. For limited distances the former is at a disadvantage when carrying at the same rate as the latter. The comfort of passengers on the interurban roads is as great as on the steam railroad, if not greater; the frequency of service is in favor of the interurban; the speed on moderate distances is not greatly different; and the ratio of operating expenses to receipts is probably in favor of the interurban. The record seems to show that notwithstanding the competitive rate, the amount of travel has increased on both lines; so that the competition has not been injurious to the traction line. Upon the whole case we see no reason to disturb the findings of the court of common pleas and of the circuit courtj that the rates complained of are not unjust, unreasonable or unduly discriminatory. This is all that we deem it profitable to say upon the merits of the case. These matters were fully considered in the court of common pleas, 5 Nisi Prius Rep. (N. S.), 265.
*33 It is suggested in the brief for the commission that Section 16, Paragraph e of the railroad commission act gives prima facie effect to the findings of the commission; and that such finding should stand, unless clear and unmistakable evidence should require a reversal thereof. That is true so far as concerns the burden of proof, as distinguished from what may be called the burden of the issue. The statute applies to the determination of facts upon evidence; but it does not countervail the well settled rule, that in proceedings in error, the presumption is in favor of the judgment and that the court below applied the .law correctly. The judgment is

Affirmed.

Summers, C. J., Crew, Shauck and Price, JJ., concur.